McIlvaine, C. J.
The plaintiff in error was indicted and convicted in the Court of Common Pleas of Ashtabula county, under section 9 of the act of March 8,1831 (S. & C. 428), for resisting a supervisor of a township road district in the execution of his office.
Section 9 of the act reads as follows : “ That if any person shall abuse any judge or justice of the peace; resist or -abuse any sheriff, constable, or other officer, in the execution of his office, the person so offending, upon conviction thereof, shall be fined,” etc.
A supervisor is an officer of the civil township, as are justices of the peace and constables, and is charged with the opening, repairing, and keeping in repair the public roads or highways within his road district.
Is a supervisor an officer within the scope and meaning of the phrase “ or other officer,” as used in the section of ■the statute above quoted ? This is the principal question in this case.
It is contended, on behalf of the plaintiff" in error, that the words “ or other officer,” as used in this statute, ax-e limited in their meaning to officers connected with the administration of justice, under the direction of the courts. This conteixtion is based chiefly oxx that rule for the construction of statutes, which, as is claimed, limits the meaning of words of gexxeral description to pex-sons or things within the class or classes designated by preceding words of particular description.
Now, it must be remarked that the rule of construction referred to above, caxx be used only as an aid in ascertaining 4he legislative intent, and not for the purpose of confining *198 the operation of a statute within limits narrower than those-intended by the law-maker. It affords a mere suggestion to the judicial mind that, where it clearly appears that the-law-maker was thinking of a particular class of perse, ns or objects, his words of more general description may not have been intended to embrace those not within the class. The-suggestion is one of common sense. Other rules of construction are, however, equally potent, especially the primary rule, which suggests that the intent of the legislature is to be found in the ordinary meaning of the words of the-statute. Another well-established principle is, that even the rule requiring the strict construction of a penal statute, as against the prisoner, is not violated by giving every word of the statute its full meaning, unless restrained by the context.
A supervisor is completely within the ordinary meaning of the words “ or other officer,” and must be held to be-within their sense, as used in this statute, unless it be shown, by the context that the legislature did not intend to include such officer. Now, there is nothing in the subject-matter of this enactment—nothing in the context, which would indicate the exclusion of such officer, save only the previous designation of “judge or justice of the peace,” “sheriff,” and “ constable.” Among the officers thus especially desig- • nated, we find members of two clearly distinguishable classes—to wit, judicial and ministerial. It is true the ministerial officers named, are those usually charged with the execution of judicial process; but such is not the only duty imposed on them by law. And we apprehend it can not,, with any show of reason, be held that the ministerial officers specially named in the statute are not protected by its provisions from abuse or resistance while in the discharge of any duty imposed on them, whether it relates to the execution of judicial process or not. If, then, the maxim noscitur a sociis were allowed to control in the construction, I doubt whether it would exclude from the protection of this statute any ministerial officer charged with the administration of public affairs. But this maxim should not control,,. *199 if, in the light of other aids to the construction, it is made to appear that the legislature intended that the general words should have a broader signification and embrace officers not of the particular character of those named in the statute.
This is the doctrine of the later cases generally, and es* pecially those of American courts. It is not intended, however, to ignore the rule which requires penal statutes, as against the prisoner, to be construed strictly, and, in his favor, liberally. But it does prevent a construction, as against him, so strict, or, in his favor, so liberal, as to defeat the obvious intention of the legislature.
The words of this statute, “ or other officer,” when viewed in the light of their ordinary meaning, and of all the rules or maxims for construction, and the mischief to be remedied—to wit, abuse of or resistance to public officers engaged in the execution of their offices—we think should be construed so as to embrace ministerial as well as judicial offices generally other than those named. Otherwise, the administration of most important public affairs may be thwarted by evil-disposed persons, without any adequate remedy on the part of the public—a state of the law which should not be made by construction merely, when the words of the statute are sufficiently comprehensive to prevent it.
It is said, in argument, that the legislative intent not to embrace ministerial officers generally, is manifested by providing in another statute for criminal prosecutions against persons who molest or prevent county surveyors from performing their official duties. S. & C. 1421, sec. 10, of March 3, 1831. While the surveyors act of March 3,1831, took surveyors out of the operation of the crimes act of February 10, 1824, which contained a provision similar to section 9 of the act of March 8, 1831, we think the main object of section 10 of the surveyors act was to place the power of the county at the call of the surveyor, and to provide a civil remedy against any person interfering with the surveyor. Thus the argument of the plaintiff in error is greatly weakened, if not fully answered.
*200 It is also claimed that the court below erred in charging the jury, “ that to constitute the offense charged, of resisting an officer, it was not necessary that the officer should be assaulted, beaten, or bruised.” In this, we think there was no error.

Motion overruled.

Welch, White, Rex, and Gilmore, JJ., concurred.